**No. 41124.**—Petition 5786–R of Alfred Schiftan (New York).

Opinion by TILSON, J. The petition was dismissed.

**No. 41125.**—Protests 510386–G, etc., of W. L. Bane & Co. et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of coffee trays, stand with dishes, snuffers, stand with decanters, and candlesticks, chiefly used on the table or in the household for utilitarian purposes. The claim at 40 percent under paragraph 339 was therefore sustained. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445) and *Dow* v. *United States* (id. 282, T. D. 46816) cited.

BEFORE THE THIRD DIVISION, APRIL 24, 1939

**No. 41126.**—Protest 960166–G of J. B. Meltzer (New York).

Opinion by CLINE, J. It appeared that the tablecloths and napkins in question were wrapped in paper packages which were packed in bales which were marked. Some of the articles bore sticker labels having the words "Made in Japan" embossed thereon. As to the tablecloths from which the labels had fallen off the protest was overruled on the authority of *Giavi* v. *United States* (15 Ct. Cust. Appls. 343, T. D. 42510).

The tablecloths and napkins having the marking on a label under the folds of the cloth were held not marked in a conspicuous place, and inasmuch as neither the articles nor the immediate containers were legally marked, the protest was overruled. Abstracts 32564, 32579, 34432, and 39897 cited.

**No. 41127.**—Protest 942626–G/11217 of William J. Oberle, Inc. (New Orleans).

Opinion by CLINE, J. It appeared that at the time of importation a paper label containing the words "Made in Japan" was pasted to each shade; that each shade was wrapped in flimsy paper, sealed at both ends, which was not marked; and that from 5 to 10 shades were packed in rush matting and the matting was marked with the words "Made in Japan." Following Abstract 34432 the court held that the flimsy paper wrappers were the immediate containers thereof. The record failing to show that the bamboo porch shades in question were marked as indelibly and permanently as their nature would permit, they were held not legally marked and the protest was overruled. *American Express Co.* v. *United States* (C. D. 41) and Abstracts 38740 and 24903 cited.

**No. 41128.**—Protest 906827–G of Jill Bros., Inc. (New York).

Opinion by CLINE, J. It appeared that the potatoes were from Estonia and that they were imported in burlap bags with cardboard tags containing the name of the country of origin securely fastened by means of wire, metal, and a lead seal. On the authority of *American Hatters & Furriers* v. *United States* (C. D. 31) and Abstracts 37079, 39518, 39520, and 39549 the protest was sustained.